

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00264-CV
_____

**IN THE INTEREST OF M.S., S.M., K.S., AND A.G., CHILDREN**

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 8233, Honorable Ron Enns, Presiding

January 8, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, T.S. (Mother), appeals from an order terminating her parental rights to her children, M.S., S.M., K.S., and A.G (Children).[1] Appellee is the Department of Family and Protective Services. Via a single issue, Mother challenges whether sufficient evidence supports the trial court's finding that termination of parental rights is in the Children's best interest. We affirm.[2]

_____

[1] To protect their privacy, we refer to the children singularly as M.S., S.M., K.S., and A.G., and collectively as "Children" while referring to T.S. as "Mother." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b). Except for one father who was dismissed due to his daughter turning eighteen years old, the parental rights of the remaining Children's fathers were terminated in the same proceedings. They did not appeal.

[2] Evidence in this case was initially heard before an associate judge, who signed an order terminating Mother's parental rights. Mother sought de novo review before the referring court who affirmed

## Background

In May 2023, this case was initiated by the Department after being notified of possible sexual abuse of K.S. (thirteen years old) and S.M. (fourteen years old). On further investigation, the Children reported they were living in a home without electricity and running water and were being left alone for extended periods of time while their Mother was out-of-town visiting. Mother tested positive for methamphetamine. The Children were removed for neglectful supervision and physical neglect.

Shea Cairns, the Children's caseworker since the beginning of the case, testified that after the Children's removal, a court-ordered family plan of services was entered into by the parties despite Mother's refusal to follow such a plan.[3] Mother subsequently failed to attempt or complete any services.[4] Despite being required to remain drug-free, her last drug screen conducted in October 2023 indicated Mother was continuing to use drugs.

In November 2023, Mother was denied further visitations with her Children due to lack of progress completing her service plan, continuing positive drug screens, and because her presence during visitations was allegedly causing negative behaviors in the

---

the associate judge's order. The referring court's decision was based on the evidence submitted during the associate judge's hearing. *See* TEX. FAM. CODE ANN. § 201.015(c). No party objected to this procedure. *See In re K.M.E.*, No. 07-24-00202-CV, 2024 Tex. App. LEXIS 2024, at *1–2 (Tex. App.—Amarillo, no pet.) (mem. op.) (unobjected to evidence relied upon by court and counsel during de novo proceeding and on appeal constructively admitted).

[3] Cairns testified that when she spoke to Mother about what needed to be done, Mother responded that she had "done them in the past, so she wasn't going to do them again." When asked, Mother failed to provide any proof of the prior completion of any services.

[4] Services included parenting classes, a mental-health assessment, individual counseling, psychological evaluation/services and substance abuse evaluation/treatment. Neither did Mother provide any proof of employment testifying that she worked at a restaurant and performed odd jobs for cash.

Children.[5]  Afterwards, Mother blocked Cairns from her mobile phone, bringing all communications to a halt; Mother did not participate in any additional drug tests from December 2023 through April 2024.  Although Cairns continued to reach out on a weekly basis, she was unable to communicate with Mother.[6]

Cairns opined that it was in the Children's best interest for the Department to terminate Mother's parental rights because she had done nothing to cure the circumstances requiring their removal during the nine months that the case had been pending.  Mother failed to make any progress on her family plan, tested positive for drug screens during the proceedings and failed to permit any communication between the Department and Mother during the months preceding the final hearing.

During testimony, Mother questioned whether she was positive for methamphetamines prior to the Children's removal and blamed her drug use on being "around the wrong people."  She testified the cessation of her visitations was based on lies and claimed she blocked any further communications because the Department was lying.  She justified her absences from the children for long periods by explaining that her mother lived nearby and that her "older kids [could] watch [her] younger kids."  She also admitted using marijuana while proceedings were pending.

---

[5] To regain visitation, Mother was told she needed to start working the family plan and limit some of what she was telling the Children.

[6] In addition to violating the service plan by not participating in drug testing, she also failed to communicate regularly with her caseworker.

Mother also explained that she did not make any progress on her family plan because her mother was in the hospital and she had to work to pay bills.[7]  During the months her mother was not in the hospital, she proffered other medical problems to excuse a lack of progress on her family plan.  After blocking Cairns from her mobile phone in December 2023, she did not attempt to reach out to anyone else in the Department to schedule services or complete drug testing.

Following final hearing, the associate judge ordered termination of Mother's parental rights to the Children pursuant to the predicate grounds found in Texas Family Code § 161.001(b)(1)(D), (E), (N) and (O), and found termination was in the Children's best interest.  Following a de novo proceeding before the referring court, the associate judge's order was affirmed.  Mother's notice of appeal was timely filed June 27, 2024.[8]

## Analysis

Mother challenges the sufficiency of the evidence supporting the trial court's finding that termination of her parental rights served the Children's best interests.  The applicable standards for reviewing the evidence are discussed in our opinion in *In re A.M.*, No. 07-21-00052-CV, 2021 Tex. App. LEXIS 5447, at *7–9 (Tex. App.—Amarillo July 8, 2021, pet. denied) (mem. op.).  As factfinder, the referring court was the exclusive judge of the credibility of the witnesses and the weight given their testimony.  *In re H.E.B.*, No.

---

[7] For ninety days after the adoption of the family plan, Cairns testified Mother was provided a family support worker to assist her with planning and scheduling.  Mother's position at the time, however, was that she had performed services in the past, "so she wasn't going to do them again."

[8] The clerk for the trial court did not forward Mother's notice of appeal to this Court for filing until August 8, 2024.  *See* TEX. R. APP. P. 26.1(a), (f).

07-17-00351-CV, 2018 Tex. App. LEXIS 885, at *5 (Tex. App.—Amarillo Jan. 31, 2018, pet. denied) (mem. op.).

Courts frequently consider the factors announced in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976), when evaluating a child's best interests.[9]  Not all the *Holley* factors need support a termination finding, however.  *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2005).  Unchallenged evidence supporting the predicate ground findings for termination can support the trial court's best-interest finding.  *In re M.D.*, No. 07-21-00149-CV, 2021 Tex. App. LEXIS 7217, at *1–2 (Tex. App.—Amarillo Aug. 20, 2021, pet. denied) (per curiam, mem. op.); *see also in re T.C.*, No. 07-18-00080-CV, 2018 Tex. App. LEXIS 6769, at *13 (Tex. App.—Amarillo Aug. 23, 2018, pet. denied) (mem. op.) (noting that a parent who opts to forego a challenge to predicate ground findings tacitly concedes that sufficient evidence supports those findings).  Moreover, we have held in the past that evidence of ongoing parental drug use is particularly significant because past conduct is often prologue.  *In re A.M.*, Nos. 07-18-00048-CV, 2018 Tex. App. LEXIS 3688, at *7 (Tex. App.—Amarillo May 23, 2018, pet. denied) (per curiam, mem. op.).

Mother's drug use during the proceedings, her failure to submit to drug testing and participate in a substance abuse assessment and/or treatment are relevant *Holley* factors indicating an inability by Mother to meet the Children's physical/emotional needs and provide a stable home environment.  *See In re H.G.*, No. 07-21-00278-CV, 2022 Tex.

---

[9] The *Holley* factors are:  (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of individuals to promote the best interest of the child; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent.  544 S.W.2d at 371–72.

App. LEXIS 2687, *24–25 (Tex. App.—Amarillo Apr. 25, 2022, no pet.) (mem. op.) (citations omitted). While Mother testified that her positive drug test results were due to "false positives" or her use of CBD, the trial court was not required to believe that testimony. *Id. See In re T.M.*, No. 02-22-00070-CV, 2022 Tex. App. LEXIS 4671, at *18 (Tex. App.—Fort Worth July 7, 2022, no pet.) (mem. op.) (trial court could choose not to believe Mother's testimony about "false positives" regarding alleged drug use). Rather, the trial court could reasonably infer that Mother failed to submit to required drug testing *because* she was still using illegal drugs. *In re A.M.B.*, No. 04-24-00410-CV, 2024 Tex. App. LEXIS 7514, at *9 (Tex. App.—San Antonio Oct. 23, 2024, no pet. h.) (mem. op.).

In determining a child's best interests, the trial court is also permitted to consider whether Mother's actions or inactions with regard to her court-ordered service plan. *In re A.C.B.*, 198 S.W.3d 294, 298 (Tex. App.—Amarillo 2006, no pet.). The record reflects that Mother refused to participate in the services offered by the Department from the outset and failed to complete any services over the duration of the proceedings. The trial court could reasonably infer from Mother's failure to avail herself of the Department's programs that she lacks the ability to seek out necessary resources for herself and the Children, both now and in the future. *In re M.G.*, No. 07-19-00289-CV, 2020 Tex. App. LEXIS 1103, at *24–25 (Tex. App.—Amarillo Feb. 7, 2020, no pet.) (mem. op.).

Although Mother attributed health-related problems of her mother as reasons for her failure to complete any required services, the record reflects that Mother also failed to take advantage of the services of a family support worker early in the proceedings and ultimately terminated communication with the Department in the last five months leading up to the final hearing; these were unrelated to her mother's health.

6

Following removal, the Children were placed at the Texas Boys and Girls Ranch in Lubbock—a safe, drug-free environment. Since that time, M.S. has turned eighteen and entered the SEAL program, making it possible for her to continue working while attending Texas Tech and living in a dormitory. K.S. and A.G. are doing well in school and enjoy activities at the Ranch. S.M. is experiencing some behavioral problems that are being addressed in counseling and an alternative placement is being explored. Each of the Children are seeing a therapist on a weekly basis. Following termination, Cairns testified the Department will begin looking for an adoptive home for the Children.

The record reflects that Mother has taken few, if any, steps toward mitigating the circumstances that necessitated the Children's removal. The trial court's best-interest determination is supported by Mother's drug use, inability to provide a safe, stable home, and failure to comply with her court-ordered service plan. *In re M.G.*, 2020 Tex. App. LEXIS 1103, at *24. We conclude that the evidence is both legally and factually sufficient to establish a firm conviction in the mind of the trial court that termination of Mother's parental rights is in the best interest of the Children. Mother's single issue is overruled.

**Conclusion**

The trial court's judgment is affirmed.


Lawrence M. Doss
Justice

7